ORRWAY MOTOR SERVICE, INC., Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellee.

First District (3rd Division)   No. 62131

Opinion filed June 17, 1976.—Rehearing denied August 26, 1976.

James R. Madler, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas, James R. Sullivan, and Hercules F. Bolos, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Orrway Motor Service, Inc., appeals from an order of the circuit court of Cook County affirming the decision and administrative order of the Illinois Commerce Commission which denied Orrway's petition to vacate the prior order revoking Orrway's certificate of public convenience and necessity as a motor common carrier. Plaintiff contends that the Commission and trial court erred in refusing plaintiff an opportunity to attempt to rebut the presumption that it had notice of the certificate revocation hearing.

We reverse and remand.

The record reveals the following pertinent facts. On May 5, 1972, the Illinois Commerce Commission mailed to Orrway a citation order to show cause, directing Orrway to appear on May 25 at a hearing to determine whether Orrway's certificate should be revoked for failure to comply with section 18—701 of the Illinois Vehicle Code, requiring motor carriers to have proof of insurance coverage on file with the Commission. (Ill. Rev. Stat. 1971, ch. 95½, par. 18—701.) The citation order was posted by certified mail, with return receipt requested. On May 25, a hearing was held, but Orrway failed to appear. On June 7, the Commission revoked Orrway's certificate. A copy of the Commission's revocation order was mailed to Orrway on June 13, 1972.

On May 16, 1973, 11 months later, Orrway filed a petition with the Commission alleging that it never received either the citation order to show cause at the certificate revocation hearing or a copy of the revocation order. As pertains to the question of notice, the petition alleged that Orrway had changed its mailing address from a street number to a post office box, that some mail had been forwarded, and that it is common in its area of business that mail is misdelivered or lost. The petition requested that the Commission's order revoking Orrway's certificate be vacated and that the certificate be reinstated. The Commission denied the petition, finding that it was not timely filed and

that the "grounds for vacation do not appear to be supported by the evidence in the file." Orrway's application for rehearing repeated that it never received notice, and requested a hearing on the matter to adduce evidence showing that it never received notice of the proceedings. The application for rehearing and an evidentiary hearing was denied by the Commission. Orrway filed a notice of appeal to the circuit court from the Commission's orders. The circuit court affirmed the Commission's orders, and this appeal follows.

Orrway's primary contention on appeal is that since it was never served with notice of the certificate revocation proceedings, the revocation order is void as being without statutory authority. The Commission argues that the revocation order was properly entered since notice was given to Orrway as required by law.

Notice of proceedings before the Illinois Commerce Commission pursuant to the Illinois Vehicle Code is governed by section 18—900 of the Code (Ill. Rev. Stat. 1971, ch. 95-½, par. 18—900) which adopts the notice requirements contained in "An Act concerning public utilities." Section 66 of "An Act concerning public utilities" provides for service of the Commission's orders:

"Every order of the Commission shall be served upon every person or corporation to be affected thereby either by personal delivery of a certified copy thereof, or by mailing in the United States mail a certified copy thereof, in a sealed package with postage prepaid * * *. * * * mailing in the United States mail as hereinbefore provided, shall constitute service, without additional proof of a receipt of said certified copy or copies of said order. It shall be the duty of every person and corporation to notify the Commission forthwith, in writing, of the receipt of the certified copy of every order so served * * *." (Ill. Rev. Stat. 1971, ch. 111 2/3, par. 70.)

According to the statute, an order may be presumed to be served when it is properly mailed.

Orrway argues that the presumption of receipt does not apply because the record does not contain evidence sufficient to prove service. (See *ITT Abrasive Products Co. v. Lewis* (1973), 12 Ill. App. 3d 83, 298 N.E.2d 242.) At the May 25 revocation hearing, the only evidence presented was the testimony of a Commission employee who stated that from the Commission's files it appeared that:

" * * * On April 26, 1972, the Illinois Commerce Commission entered an order which was served on May 5, 1972, citing Respondent to appear at the office of the Commission on May 25, 1972, to show cause * * *."

Orrway contends that this conclusory testimony is insufficient to prove the fact of service because it does not specify to whom or in what form

the notice was purportedly given. We note that the record on appeal does not contain any proof of service, such as a certified mail return receipt, a sheriff's return, or Orrway's written acknowledgement of receipt of the order as is required by section 66. The record does contain the following Commission docket entry for May 5, 1972:

"Certified copy of Citation Order mailed to Orrway Motor Service, Inc. [street address], by U.S. certified mail and return receipt requested."

According to section 66, an order is presumed served if it is properly mailed. Since the Commission's official record reflects the fact that the citation order was mailed to Orrway, we find that the statutory presumption of service applies herein. Ill. Rev. Stat. 1971, ch. 111 2/3, par. 70.

■■■ The Commission contends that the statutory presumption of service is conclusive, so that Orrway could never rebut the fact of service. In support of this contention, it is argued without citation of authorities that by enacting section 66 of "An Act concerning public utilities" (Ill. Rev. Stat. 1971, ch. 111 2/3, par. 70), the legislature intended that service should be irrebuttably presumed when the Commission's order is deposited in the United States mail. We disagree. We believe that the legislative intent behind section 66 was to allow the Commerce Commission to inexpensively serve its orders by mail. To this end, the legislature authorized service of orders by mail and adopted the common law presumption concerning mailed letters. The common law presumption was well stated in *Winkfield v. American Continental Insurance Co.* (1969), 110 Ill. App. 2d 156, 160, 249 N.E.2d 174, 176:

"It is generally established that the mailing of a properly stamped and properly addressed letter raises a presumption that the letter was received by the addressee. If the addressee denies the receipt of the letter then the presumption is rebutted and receipt becomes a question to be resolved by the trier of fact."

Section 66 creates a rebuttable presumption that a Commission order is served when it is properly mailed by the Commission.

The issue for our consideration is whether the Commission erred in not affording Orrway an opportunity to introduce evidence to rebut the presumption of service. The Commission's order denying Orrway's petition to vacate the revocation order found, *inter alia*, that the petition was not timely filed.

Applications for rehearing in the Commission must be filed within 30 days after service of the Commission's order. (Ill. Rev. Stat. 1971, ch. 111 2/3, par. 71.) If Orrway's petition were an application for rehearing of the revocation order which was entered over 11 months earlier, the Commission's actions would have been proper. However, Orrway's

petition was addressed only to the question of whether the Commission had jurisdiction by having properly served its citation order to show cause upon Orrway. Rehearing of the revocation order was not requested; Orrway asked only for a hearing so it could rebut the presumption that service of the citation order was properly made. It is fundamental that if the Commission does not have jurisdiction of the subject matter and of the parties, the Commission's order is void and may be attacked at any time. (See *Illini Coach Co. v. Commerce Com.* (1951), 408 Ill. 104, 96 N.E.2d 518.) This is not to say that the Commission's revocation order is void; rather, the best that can be said in light of Orrway's petition is that the revocation order is voidable. The following portions of the opinion in *Kavanagh v. Hamilton* (1912), 53 Colo. 157, 125 P. 512, 515, are descriptive of the void-voidable distinction:

"The words 'void' and 'voidable' do not denote different degrees of faultiness in judgments, but are a classification based on the evidence. If an inspection of the record proper furnished the facts showing that the court acted without jurisdiction, the judgment is void, and may be collaterally attacked. If, on the other hand, the record does not show this jurisdictional infirmity, or does not furnish the evidence of nullity, or if it shows or recites jurisdictional facts which are untrue, the judgment is voidable. The attack upon it, however, in such a case, must be direct, for the purpose of establishing by other evidence the untruthfulness of the record. When this is done, it is as void as any judgment which the record shows was rendered without jurisdiction. * * * A void judgment must show from an inspection of its own record that it is void, while a voidable judgment shows from its record that it is good, and it will remain good until proven void, in a suit brought for that purpose."

■■ In the case at bar, the Commission's revocation order is voidable because the record shows that Orrway is presumed to have been served with a copy of the citation order to show cause. Orrway requested a hearing to introduce evidence to rebut the statutory presumption and thereby prove the revocation order void. Since jurisdiction may be attacked at any time, we believe that Orrway should have been given an opportunity to raise the question of jurisdiction by rebutting the presumption of service. The Commission erred in denying Orrway's petition on the ground that it was not timely filed.

The Commission also found that the "grounds for vacation do not appear to be supported by the evidence in the file," but the order does not describe the purported evidence in the file. Even assuming that the Commission has proof of service on file, the record on appeal is insufficient to support such a conclusory finding. (*United Cities Gas Co.*

*v. Commerce Com.* (1971), 48 Ill. 2d 36, 268 N.E.2d 32.) The Commission erred in denying Orrway's petition for this reason.

Accordingly, we hold that the Commission erred in denying Orrway's petition for a hearing to rebut the statutory presumption of service, and that the trial court erred in affirming the Commission's orders.

■■ Section 68 of "An Act concerning public utilities" grants the following powers to a court reviewing a Commission order:

> "If it appears that the Commission failed to receive evidence properly proffered, on a hearing or a rehearing, or an application therefor, the court shall remand the case to the Commission with instructions to receive the testimony so proffered and rejected, and to enter a new order based upon the evidence theretofore taken, and such new evidence as it is directed to receive, unless it shall appear that such new evidence would not be controlling, in which case the court shall so find in its order." (Ill. Rev. Stat. 1971, ch. 111 2/3, par. 72.)

We find that Orrway applied for a hearing to contest the Commission's jurisdiction, proffered evidence to rebut the presumed fact of service, that such evidence could be controlling as to the fact of service, and that the Commission improperly denied Orrway's application for an evidentiary hearing.

For the abovementioned reasons, we reverse the order of the circuit court of Cook County affirming the Illinois Commerce Commission's orders, and remand the cause to the circuit court with directions to remand the case to the Commission with instructions to hold an evidentiary hearing as to whether the citation order to show cause was in fact served on Orrway prior to May 25, 1972. If determined in the negative, the Commission is to vacate its revocation order as being void. If determined in the affirmative, the Commission is to deny Orrway's petition to vacate the revocation order.

Order reversed; cause remanded with directions.

MEJDA, P. J., and DEMPSEY, J., concur.