LOETTA NELSON, Plaintiff-Appellee, v. UNITED AIRLINES, INC., Defendant (Andy Frain, Inc., Defendant-Appellant).

Second District   No. 2—92—0477

Opinion filed April 27, 1993.

Stephen W. McCarty, of Rockford, and Robert L. Sklodowski, of Sklodowski & Franklin, and Richard J. Puchalski, of Doss, Puchalski & Keenan, Ltd., both of Chicago, for appellant.

Robert A. Calgaro, of Conde, Stoner & Killoren, of Rockford, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Andy Frain, Inc. (Frain), appeals the circuit court's order of April 3, 1992, denying in part Frain's petition to vacate as void a default judgment entered on October 21, 1991, against it in the amount of $175,000 after Frain failed to appear or answer. The court vacated only the money damages portion of the default judgment, but let stand an order finding defendant liable which the court had entered on October 4, 1991. The April 3 order also provided for a further hearing on the issue of damages. Defendant, United Airlines, Inc., was earlier dismissed from the action with prejudice and is not a party to the appeal.

Defendant Frain argues that service of process was not properly made upon any officer or agent of the corporation (see Ill. Rev. Stat. 1991, ch. 110, par. 2—204) having authority to accept service where an employee-dispatcher was served by the Cook County sheriff at its offices in Chicago, Illinois, and the allegedly improper service resulted in a lack of personal jurisdiction. According to Frain, any order which the court entered was void *ab initio* and Frain may attack such an order at any time, directly or collaterally, since void orders may be set aside more than 30 days after their entry.

We conclude that this appeal is premature as it is taken from a nonfinal order; this prevents this court from acquiring jurisdiction. We therefore dismiss the appeal.

The record reveals that plaintiff, Loetta Nelson, filed a complaint on March 16, 1990, in which she alleged that she sustained injuries through the negligence of defendants when she was required to deplane at O'Hare Airport without the benefit of a wheelchair she had requested. Plaintiff requested the Cook County sheriff to serve Andy Frain, Inc., at 310 West Chicago Avenue in Chicago. The return of service shows that, on March 22, 1990, at 11:39 a.m., a deputy served a 38-year-old black male named Mr. Macids.

On plaintiff's motion, the court entered a finding of default against Frain on September 7, 1990, for failure to appear in the cause. On October 4, 1991, plaintiff filed a motion for a default judgment. On October 4, having considered the affidavits and depositions submitted in support of the motion, the court entered a default judgment against Frain on the issue of liability only. A hearing on the issue of damages was scheduled for October 11, 1991. On October 21, 1991, the court entered judgment for plaintiff in the amount of $175,000. (The clerk of the court filed the order on October 22, 1991.)

On February 19, 1992, Frain filed a motion to vacate the default judgment of October 22, 1991, awarding money damages of $175,000 to plaintiff. Frain alleged that Macids was not a registered agent, but was one of several dispatchers; he did not work in a supervisory capacity. Frain maintained that it had a duly registered agent at the time of service. Defendant also averred that it was sued under the wrong name, but this issue has not been raised on appeal.

According to the affidavit of Stephen Cohen, Frain's president, Andy Frain Services, Inc., was located at 310 West Chicago Avenue in Chicago, Illinois. Macids was employed by Blair Communications Corporation, d/b/a Andy Frain Services, Inc., but Macids was not an officer or a *registered* agent of the corporation. Cohen stated that, to the best of his knowledge, Blair Communications Corporation, d/b/a Andy Frain Services, never received a copy of the summons and complaint given to Macids.

Cohen's affidavit also stated that Andy Frain Services, Inc., was first notified of the pending default judgment on January 10, 1992, when a citation to discover assets was sent to Frain via regular mail. However, the affidavit of Robert A. Calgaro, plaintiff's attorney, states that the citation was personally served on Frain on January 9, 1992, at 10:10 a.m. by Deputy Sims on Mr. Carter, a black 55-year-old male at Frain's corporate offices at 310 West Chicago Avenue; this service produced the response of Frain, which filed a motion to vacate the default judgment on February 19, 1992.

Among other things, Calgaro's affidavit stated that United Airlines' insurance carrier, United States Aviation Underwriters, had forwarded Calgaro's letter on behalf of plaintiff to Frain at its West Chicago Avenue location. The letter was appended to the affidavit. In that letter of August 22, 1989, the insurance carrier stated that Andy Frain, Inc., provided wheelchair assistance for United Airlines at O'Hare Airport. United Airlines' insurer also expressed its belief that Frain's representative would be contacting Calgaro in the near future.

On April 3, 1992, the court denied Frain's motion to vacate the judgment as to liability, but vacated the judgment as to damages and ordered the parties to schedule a hearing date on the issue of damages. Defendant Frain filed a timely appeal from the orders of October 22, 1991, and April 3, 1992.

On appeal, Frain argues that the service was not made upon an officer or agent with authority to accept service on the corporation and any order entered by the court should be deemed void for lack of personal jurisdiction. Frain further states that restrictions governing relief from judgments do not apply to or affect the right to relief from a void order which may be set aside even after 30 days from the entry of judgment. See *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309 (the time limitations or requirements of a section 2—1401 petition to vacate (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) do not apply to the right to relief from a void order).

■ A private corporation may be served by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State. (Ill. Rev. Stat. 1991, ch. 110, par. 2—204.) Defendant claims that service is improper where service is made upon an employee who does not have the requisite level of authority to receive process as an actual "agent" of the corporation for that purpose. Defendant cites *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, and *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581.

Plaintiff responds that service was effectuated upon an employee and dispatcher of personnel of Frain's and, in the absence of sufficient proof that Macids was not an "agent" of Frain's, the fact of agency was sufficiently established. Plaintiff argues that an employee may be deemed an "agent" for the service of process unless the evidence established that the employee was unable to understand the import of the papers served. Plaintiff relies on this court's decision in *Megan v. L.B. Foster Co.* (1971), 1 Ill. App. 3d 1036, 1038 (service upon an intelligent clerk-receptionist was sufficient).

■ Plaintiff also argues that this court does not have jurisdiction because the partial vacatur of the default judgment which left the issue of damages pending renders the order nonfinal and therefore nonappealable. Defendant replies that the "motion" to vacate should be treated as a section 2—1401 petition and that the denial of its "motion" is made appealable by virtue of Supreme Court Rule 304(b)(3), which provides that a judgment or order is appealable without a Rule 304(a) finding (no reason to delay enforcement or appeal) if it is a "judgment or order granting or denying any of the relief prayed in a

petition under section 2—1401 of the Code of Civil Procedure." (134 Ill. 2d R. 304(b)(3).) All of the other provisions of Rule 304(b) concern final dispositions. (134 Ill. 2d Rules 304(b)(1), (b)(2), (b)(4).) By its own terms, section 2—1401 of the Code of Civil Procedure provides for relief from final judgments. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) Frain initially argues that a motion or petition to vacate a void judgment is not governed by the requirements of a section 2—1401 petition. Indeed, it is now well settled that a motion to vacate a judgment as void for lack of proper service or jurisdiction is not a petition under section 2—1401 (formerly section 72) notwithstanding the label that the parties apply to the motion. *Home State Savings Association v. Powell* (1979), 73 Ill. App. 3d 915, 917-18; *Mason*, 51 Ill. App. 3d at 585; *G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 674; see also *People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 70-72.

Even if we were to characterize defendant's motion as a section 2—1401 petition, this would not necessarily render the order partially vacating the judgment a final and appealable order, particularly where the court manifested an intention to retain jurisdiction by reserving an issue for further consideration. *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 518-20 (Rule 304(b)(3) when read in conjunction with section 72 (now section 2—1401) was not intended to make immediately and separately appealable every order that disposes of any portion of the total relief sought; order was not appealable where court continued cause for further proceedings).

For this court to have jurisdiction, the order of the trial court must be a final order unless it comes within the exceptions set forth by the supreme court rules. (*Pottorf v. Clark* (1985), 134 Ill. App. 3d 349, 351.) A final judgment is one which fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 113.) An order vacating a prior judgment and ordering a hearing on damages is not a final order because it does not finally terminate the litigation or dispose of the issues between the parties; rather, it is an interlocutory and nonappealable order (*Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1975), 36 Ill. App. 3d 606, 610), unless the order can be appealed with leave of the court, for example, under Rule 306 or 308 (134 Ill. 2d Rules 306, 308).

Although some cases have stated that an appellate court can review a void order "at any time," this court has held that a notice of appeal from a void order must be filed within the time specified after

the entry of a *final* judgment or within the time allowed by the appellate court. (*People v. Green* (1989), 188 Ill. App. 3d 1027, 1030.) In *Green*, this court found no authority which would allow an appellate court to obtain jurisdiction over a void judgment other than as permitted by Rule 303 or 306 (134 Ill. 2d Rules 303, 306), citing with approval *Cain v. Sukkar* (1988), 167 Ill. App. 3d 941, 947, 950-51 (Green, P.J., specially concurring).

■■ The supreme court rules make no provision for appeals from void orders, and raising the issue of voidness does not render final an order not otherwise final; rather, the issue whether an order is void can always be raised in a case properly before a court of review. (See *Cain*, 167 Ill. App. 3d at 947 (Green, P.J., specially concurring).) We agree with the reasoning of Presiding Justice Green. We hold that where, as in this case, a party challenges a judgment on the basis that it is void and the order which sets aside the judgment leaves a claim at issue or the order manifests the court's intention to retain jurisdiction of the cause, the order setting aside the judgment is not a final order and is not immediately appealable.

We adhere to the rule that an appeal may be taken only from a final order or judgment unless an exception is permitted by rule or by precedent. To hold otherwise could result in abusive delay and piecemeal appeals if an appeal were immediately allowed from any interlocutory order where the party has challenged the court's judgment on the basis of voidness or lack of jurisdiction. See *Cain*, 167 Ill. App. 3d at 950-51 (Green, P.J., specially concurring).

In the case at bar, the defendant has appealed from a nonfinal order and has cited insufficient authority to establish the jurisdiction of this court. We therefore do not reach the merits of the appeal. The appeal must be dismissed.

Dismissed.

WOODWARD and QUETSCH, JJ., concur.