*In re* MARRIAGE OF THOMAS STEFINIW, Petitioner, and JANINA WA-
WER STEFINIW, Respondent-Appellee (Steven Polywka, Appellant).

First District (6th Division)   No. 1—92—0639

Opinion filed September 10, 1993.

George E. Downs, of Palatine, for appellant.

David K. Kremin and Hartmann & Finke, both of Chicago (Jeffrey W. Finke, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Appellant, Steven Polywka, executor of the estate of Thomas Stefiniw, appeals an order of the circuit court which vacated a prior judgment of dissolution of the marriage of Thomas and Janina Stefiniw. On appeal, Polywka asserts that (1) the trial court erred in granting respondent's motion to vacate the prior judgment because she failed to give proper notice as required by section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401), and (2) the trial court lacked jurisdiction over the estate of the petitioner when it vacated the prior judgment of dissolution of marriage. Respondent has filed a motion to dismiss the appeal, contending that the notice of appeal was not timely filed.

The record reveals that on March 17, 1989, petitioner, Thomas Stefiniw, filed a petition for dissolution of marriage which alleged that petitioner, 75 years old, had married the respondent, Janina Wawer Stefiniw, 67 years old, on March 15, 1979. The petition was grounded upon irreconcilable differences and alleged that the parties ceased to live together on October 4, 1986.

Thereafter, petitioner executed an affidavit for service by publication. The address listed for respondent was the same as that of petitioner, but the affidavit stated that respondent could not be found for service of process. Petitioner then caused a legal notice of the filing of his petition to be mailed to respondent at their residence and to be published in the Chicago Daily Law Bulletin for three successive weeks. Respondent did not answer or appear, and an order of default was entered against her on May 10, 1989. On June 26, 1989, the trial court granted the petition for dissolution of marriage, holding in re-

serve the issues of maintenance and distribution of real and personal property.

The issues of maintenance and distribution of real and personal property were never presented or decided, and no further proceedings were had before the trial court until June 26, 1991, when respondent filed a special and limited appearance and a motion to quash service or, in the alternative, to vacate the judgment of dissolution. In her motion, respondent alleged that the trial court lacked personal jurisdiction over her at the time the judgment was entered because she had never been served with the petition. Respondent asserted that she was living in the same house as petitioner for at least part of the time the petition was pending. Respondent asserted further that petitioner knew where she could be found but made no attempt to personally serve her. Respondent also claimed that she did not learn of the dissolution proceedings until two or three days before petitioner died on June 15, 1991. Respondent also denied the petitioner's allegations that there were irreconcilable differences between them; she had ceased to live with the petitioner in October 1986; and they had lived separate and apart from each other for a period of two years.

Respondent's motion was supported by her affidavit which stated that she and petitioner were married on February 21, 1979; she never received notice of the dissolution action and was never served with a copy of the summons and petition; she first learned that the action had been brought on June 12 or 13, 1991, as petitioner was lying on his deathbed; and petitioner died on June 15, 1991. Respondent's affidavit stated further that from August 1988 through February 16, 1989, and from June 1989 through February 1990, she was in Poland living with relatives, including her sister who was ill and finally died on August 15, 1989; while respondent was in Poland, petitioner knew where to find her and met her there during August 1989. According to respondent's affidavit, from February 16, 1989, through June 1989, she lived either in the same house as petitioner or with Ms. Monika Chabrowski in Norridge, Illinois; petitioner knew where to reach respondent when she stayed in Norridge with Ms. Chabrowski. Respondent's affidavit again denied that she and petitioner had stopped living together as husband and wife in 1986 and denied that there were irreconcilable differences between them.

Respondent sent notice of her post-judgment motion to Adam Dabek, the petitioner's attorney of record in the dissolution action, but no one appeared for petitioner when the motion was initially called for hearing. The trial court continued the cause and directed respondent to subpoena Dabek to appear on the respondent's motion.

When the motion was next called for hearing on July 23, 1991, Dabek appeared and answered questions posed by the trial court. Steven Polywka, the nominated executor and sole legatee under the will of petitioner, also appeared through separate counsel, George E. Downs, and filed a petition to intervene which asserted that Polywka was "in the process of applying for letters of office as executor of [petitioner's] estate" in the probate action.

At the hearing on July 23, 1991, the trial court denied Polywka's request to intervene, specifically finding that Polywka had no standing to oppose the respondent's motion.

Thereafter, Polywka filed a motion to appear and defend against respondent's post-judgment motion, contending that the estate of petitioner would be adversely affected by the granting of the relief sought by respondent. In his motion, Polywka asserted that on August 10, 1991, two days before the probate court was to conduct a hearing on his application for letters of office, respondent moved to strike his application, and the probate court continued the hearing to October 10, 1991. In addition, Polywka moved to strike respondent's post-judgment motion, asserting that it had not been properly served.

On August 15, the trial court denied Polywka's motion to appear and defend and denied the request to strike respondent's post-judgment motion. At this hearing, Polywka's attorney argued that because respondent failed to serve her motion on the legal representative of petitioner's estate, the court was precluded from proceeding in the matter until letters of office were issued by the probate court. Polywka's attorney claimed that the respondent's post-judgment motion should be entered and continued until the executor of petitioner's estate was appointed. Despite its prior decision that Polywka had no standing to appear in the case, the trial court indicated that Polywka's attorney could stay and defend against respondent's post-judgment motion. In light of the court's previous ruling that his client lacked standing to challenge the respondent's motion, counsel for Polywka declined to defend against the motion.

The trial court conducted an evidentiary hearing on respondent's post-judgment motion in the absence of Polywka's counsel. At this hearing, respondent testified through an interpreter that although petitioner always knew her whereabouts, she was never served and did not learn of the dissolution action or judgment until June 12 or 13, 1991, when an acquaintance advised her that her marriage to petitioner had been legally dissolved and that she would have to leave the marital residence when petitioner died. Respondent also presented the testimony of two other witnesses who stated that petitioner and re-

spondent lived together from January 1989 through May 1989 and continued to see each other after May 1989. According to these witnesses, petitioner never mentioned anything about the dissolution action and continued to address respondent as his wife.

At the conclusion of the hearing, the trial judge determined that petitioner either erroneously or fraudulently failed to make an honest attempt to personally serve respondent in the dissolution action. The court vacated the judgment for dissolution based upon the lack of personal jurisdiction over respondent when the judgment was entered. The trial court also denied Polywka's motions to appear and defend and to strike respondent's post-judgment motion, having determined that Polywka had actual notice of the post-judgment proceedings.

On September 11, 1991, Polywka filed a motion to vacate the order of August 15, 1991, which set aside the judgment of dissolution. In this motion, Polywka contended that the court lacked jurisdiction to enter the August 15, 1991, order because there had been no service on the personal representative of the estate of the petitioner. The court denied this motion on November 4, 1991, noting that no letters of office had been issued by the court in the probate action.

On January 23, 1992, Polywka, appearing as executor of the estate of the petitioner, filed a motion to vacate the order of August 15, 1991. Polywka also filed a notice of motion which stated that his motion to vacate would be called for hearing on February 10, 1992. Polywka presented his motion on February 10, 1992, and the record contains copies of the motion and notice of motion which bear file stamps for that date. The trial court denied Polywka's motion to vacate the August 15, 1991, ruling. On February 19, 1992, Polywka filed a notice of appeal which sought review of the February 10, 1992, denial of his second motion to vacate.

We initially consider whether the trial court erred in granting respondent's motion to vacate the dissolution judgment.

■ A void judgment may be attacked and set aside at any time, and a motion seeking relief from a void judgment need not comport with the requirements of section 2—1401. (*In re Application of Dickey* (1978), 72 Ill. 2d 317, 323, 381 N.E.2d 260.) A judgment which is voidable, however, is apparently valid but may be avoided if a party demonstrates that it was rendered in error. (Black's Law Dictionary 1574 (6th ed. 1990).) Thus, a voidable judgment remains in full force and effect unless and until it is set aside by appropriate supplemental proceedings. See *George W. Kennedy Construction Co. v. Industrial Comm'n* (1987), 152 Ill. App. 3d 114, 119, 503 N.E.2d 1169.

A judgment is characterized as void and may be collaterally attacked at any time where the record itself furnished the facts which establish that the court acted without jurisdiction. (*George W. Kennedy Construction Co.*, 152 Ill. App. 3d at 119, quoting *Orrway Motor Service, Inc. v. Illinois Commerce Comm'n* (1976), 40 Ill. App. 3d 869, 873, 353 N.E.2d 253.) If, however, the record does not contain the evidence that the court's action was a nullity, or if it recites jurisdictional facts which are untrue, the judgment is voidable and must be attacked directly for the purpose of establishing by other evidence the untruthfulness of the record. (*George W. Kennedy Construction Co.*, 152 Ill. App. 3d at 119, quoting *Orrway Motor Service, Inc.*, 40 Ill. App. 3d at 873.) Where a motion to vacate a judgment is predicated upon error which is not apparent from the record and requires proof by other evidence, the party seeking to vacate the judgment must proceed under section 2—1401 and must comply with all of the requirements set forth in that section. See *In re Marriage of Noble* (1989), 192 Ill. App. 3d 501, 509, 548 N.E.2d 518; *James v. Chicago Transit Authority* (1976), 42 Ill. App. 3d 1033, 1035, 356 N.E.2d 834.

■ Respondent's post-judgment motion that sought to set aside the dissolution judgment was predicated upon her claim that the court lacked personal jurisdiction over her because she was not properly served with the petition for dissolution. Yet, the record in the dissolution action contains the petitioner's affidavit for service by publication as well as exhibits which reflect that notice of the action was mailed to respondent at her residence and was published in the Chicago Daily Law Bulletin. On its face, this record indicates that respondent was properly served by publication. Because the defect in the court's jurisdiction asserted by respondent was not apparent from the face of the record in the dissolution action, the dissolution judgment was voidable and respondent was obligated to proceed under section 2—1401 in order to have the judgment set aside.

■ Although a section 2—1401 motion is filed in the same case under the same number and title, it is regarded as an independent action, and the party to whom the motion is directed must be notified anew. (*Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 641, 392 N.E.2d 267.) If notice of the motion is improper, jurisdiction is lacking, and all subsequent orders are similarly invalid. (*Silny*, 73 Ill. App. 3d at 641.) A section 2—1401 motion must be served (1) by the method provided by law for service of summons, (2) by prepaid certified or registered mail, or (3) by publication upon the filing of an affidavit. (134 Ill. 2d Rules 105, 106.) Where the actual party to the action has died, service of the section 2—1401 motion must be effected upon the ad-

ministrator or executor as personal representative of the decedent's estate. See *Wisemantle v. Hull Enterprises, Inc.* (1981), 103 Ill. App. 3d 878, 432 N.E.2d 613; *Estate of Godair v. Case* (1920), 220 Ill. App. 348.

■ It is undisputed that respondent did not serve her post-judgment motion upon the executor of petitioner's estate or upon any other proper party. Respondent contends that she acted properly where no executor had been appointed by the court in the probate action. Yet, the record clearly establishes that the trial judge and respondent were well aware that Polywka had applied for letters of office in the probate action and was awaiting their issuance. We conclude that it would have been proper for the trial court to enter and continue respondent's timely post-judgment motion and to order that she serve the executor of petitioner's estate after that appointment was made by the probate court. Because respondent failed to serve her post-judgment motion upon a proper party as required by section 2—1401(b), the trial court's vacation of the dissolution judgment was invalid and a nullity. (*Silny*, 73 Ill. App. 3d at 641.) We hold, therefore, that the order of August 15, 1991, which set aside the judgment for dissolution must be vacated, and the cause should be remanded to the trial court. On remand, we direct the court to order respondent to serve her post-judgment motion upon Polywka, executor of the petitioner's estate, and to hold an evidentiary hearing on the issues raised therein.

Taken with the case was respondent's motion to vacate the appeal as untimely.

■ We have held that the August 15, 1991, ruling was void for lack of jurisdiction. A void judgment can be attacked at any time, and a motion seeking relief from a void judgment need not comply with the requirements of section 2—1401. (*In re Application of Dickey*, 72 Ill. 2d at 323; *King v. King* (1985), 130 Ill. App. 3d 642, 655, 474 N.E.2d 834.) Because there is no time limitation restricting Polywka's right to challenge the August 15, 1991, ruling, he could bring a motion to vacate that ruling at any time. Thus, Polywka could, and did, file a motion to attack the void judgment on January 23, 1992. Because Polywka had the right to file this motion, we cannot accept respondent's argument that the filing of the January 23, 1992, motion to vacate was improper. We hold that this court has jurisdiction to review the ruling of the trial court where Polywka filed the notice of appeal within nine days of the denial of the January 23, 1992, motion to vacate. Accordingly, we deny respondent's motion to dismiss the appeal for lack of appellate jurisdiction.

For the foregoing reasons, the circuit court's order of August 15, 1991, is vacated, and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

McNAMARA, P.J., and EGAN, J., concur.