THIRD DIVISION

OCTOBER 20, 1999

No. 1-98-0849

JOJAN CORPORATION, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

ROBERT BRENT, ) Honorable

) Stephen Schiller,

Defendant-Appellant. ) Judge Presiding.

MODIFIED ON DENIAL OF REHEARING

JUSTICE CERDA delivered the opinion of the court:

In this case, defendant, Robert Brent, seeks a declaration that he is the legal owner of property foreclosed on and acquired at a judicial sale by plaintiff, JoJan Corporation, where the foreclosure judgment entered by the circuit court in February 1985 was subsequently set aside as void.

In April 1984, JoJan filed a three-count complaint against Brent and several other parties (collectively "the defendants"), to foreclose two mortgage notes and a mechanic's lien it allegedly acquired by assignment from New World Construction, Inc. (New World), and R.M.C., Inc., respectively, on real property in which the defendants possessed an ownership interest.  The complaint also sought recovery for damages as a result of the defendants' alleged breach of contract in not paying the amounts secured by the foregoing instruments.

Because the defendants failed to appear or otherwise respond, the circuit court entered a default judgment of foreclosure on February 13, 1985, in favor of JoJan.  The court determined, in relevant part, that service of process by publication had been properly effectuated upon the defendants, and that JoJan was the legal holder of the mortgage notes and "the claim of R.M.C. *** for mechanic lien in the sum of $3,066.54, which *** is *** good and valid."  The court further determined the original mechanic's lien of R.M.C. had been "lost or misplaced and [could not] be found" by JoJan, "and in its stead, *** [a] duplicate stamped cop[y] of said *** Mechanic Lien, [had been presented] showing said document[] to have been properly recorded."  The court noted that "true copies [of the security instruments] ha[d] been offered in evidence," and were taken by the court as proof thereof.  The court ordered the sale of the subject property to satisfy the outstanding debt, and directed the issuance of a sheriff's deed conveying title to the successful bidder in the event the property remained unredeemed by its owners.

The subject property was sold to JoJan at a judicial sale held in March 1985.  On April 9, 1985, the circuit court entered an order approving the sheriff's report of sale and distribution of the proceeds.  The defendants failed to exercise their redemption rights within the time set by the court, and on October 1, 1985, JoJan received the sheriff's deed issuing it title to the subject property.

On October 11, 1985, Brent filed a special and limited appearance contesting the circuit court's jurisdiction over him at the time the judgment of foreclosure was entered.  
Following an evidentiary hearing in January 1986, the circuit court found that Brent had been properly served by publication.  The court denied Brent's special appearance and upheld the conveyance of the subject property to JoJan.  Brent filed an amended motion for reconsideration, which was denied on April 4, 1986.

Three days after the denial of Brent's amended motion to reconsider, on April 7, 1986, JoJan quitclaimed the subject property to a third-party, Jay Shavin.

Brent did not seek review of either the orders denying his special appearance or his motion to reconsider that decision. 

On April 28, 1986, Brent instituted a collateral attack on the February 1985 foreclosure judgment by filing a motion to expunge said judgment on the basis that it was void for want of jurisdiction.  In his motion, Brent asserted 
inter
 
alia
 that JoJan's suit to foreclose the mechanic's lien was not brought within two years of the completion date of R.M.C.'s work as required by section 9 of the Mechanic's Lien Act (Act) (Ill. Rev. Stat. 1979, ch.82, par.9)).  According to Brent, the actual completion date of R.M.C's work occurred on March 5, 1982, and not April 15, 1984, as alleged by JoJan in its complaint.  In support of this contention, Brent presented a copy of a claim for mechanic's lien filed against the subject property by R.M.C..  That claim had been presented as an exhibit to a complaint filed earlier by R.M.C. against Brent to foreclose on the same mechanic's lien claimed by JoJan, and states that "the last of *** material, fixtures, labor and services was so furnished, delivered and performed on the 5th day of March, 1982."  Thus, Brent argued the court lacked jurisdiction to foreclose on the property, and consequently the February 1985 judgment was void.

In response, JoJan filed a special and limited appearance asserting that service of process upon it was necessary before the court could rule on Brent's motion.  The court agreed and quashed the motion.  Brent filed a notice of appeal from this order in September 1986.

In May 1988, and during the pendency of the appeal, Shavin transferred the subject property to Harris Trust and Savings Bank (Harris Trust), as trustee of trust number 44233, for $107,000.  The deed conveyed to Harris Trust was recorded with the recorder's office on May 25, 1988.

On the original appeal, Brent claimed 
inter
 
alia
 that the judgment of foreclosure was void for lack of jurisdiction.  This court found Brent's motion and the materials submitted in support thereof presented a question of fact as to whether the circuit court had subject matter jurisdiction to foreclose on JoJan's asserted mechanic's lien.  This court held that the foreclosure judgment would be void if the date reflected by R.M.C.'s pleadings was indeed the completion date.  Therefore, the judgment of foreclosure was reversed, and the case was remanded for a determination of whether JoJan's action was barred for failure to be brought within the time specified by the Act, and for "such other actions or proceedings that may be appropriate."  
JoJan Corporation v. Brent
, 182 Ill. App. 3d 70, 73-75, 537 N.E.2d 956, 959 (1989) (
JoJan I
).

On August 23, 1990, and before the circuit court addressed this court's mandate issued in 
JoJan I
, Brent filed a third-party complaint against Bernard Allen Fried, the attorney for JoJan and an alleged officer of the corporation, Jay Shavin, and other individuals and entities purportedly possessing an interest in the subject property.  The third-party complaint claims JoJan fraudulently deprived Brent of the property by filing its suit to foreclose under security instruments it knew it held no rights.  The complaint requests a declaration that Brent is the legal owner of the property, and is entitled to immediate possession of the premises.  The complaint further seeks money damages for the third-party defendants' unlawful possession and use of the property.

On October 30, 1990, the circuit court transferred the case to the mechanic's lien division, Judge Norman Sands, for a determination of whether JoJan's foreclosure suit premised upon the mechanic's lien was timely filed.  After a hearing, Judge Sands found the two-year period within which JoJan was required to assert its rights had expired before April 1984, and thus concluded JoJan had no valid lien upon which to foreclose at the time it filed its complaint.  In accordance with Judge Sand's finding, and pursuant to this court's decision in 
JoJan I
, the circuit court declared the foreclosure judgment void.  On December 18, 1991, the court entered an order setting aside the judgment and vacating its February 1985 order in its entirety.

Notably, the court made no findings or conclusions concerning the validity of the April 1985 order confirming the judicial sale and directing the issuance of the sheriff's deed conveying title to JoJan.  The court further did not address the issue of title to the property.

On July 21, 1995, Brent filed a first-amended third-party complaint adding Harris Trust as a defendant.  The amended complaint again asserted that the third-party defendants fraudulently deprived Brent of the subject property, and seeks in part to quiet Harris Trust's title on the grounds that the title it received from Shavin was a nullity and of no effect.  The complaint requests the court to confirm Brent as the legal title holder to the property and to grant him immediate possession of the premises.

On October 18, 1995, Cole Taylor Bank (Cole Taylor), as successor trustee to Harris Trust, filed its appearance as a defendant in Brent's third-party action.  Brent was granted leave to file a second-amended third-party complaint against Cole Taylor on November 1, 1995.

On September 25, 1997, Brent filed a "Motion to Expunge Void Order and Sheriff's Deed."  Brent's motion seeks a declaration that both the April 1985 order approving the judicial sale of the property, and the sheriff's deed issued to JoJan, are nullities on the basis that the circuit court had no authority to order the sale.  According to the motion, the sale was null and void since the foreclosure decree directing the sale was itself null and void.  Consequently, the sheriff's deed conveyed no valid title to JoJan, and legal title remained with Brent.  The motion requests the expungement of the court's confirmation order as well as the sheriff's deed issued to JoJan, and further seeks title and possession of the property.

After initially determining that Brent's motion represented a section 2-1401 petition to vacate the judgment of sale (735 ILCS 5/2-1401 (West 1996), the circuit court found Cole Taylor's interest in the subject property was protected under both section 2-1401(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-

1401(e) (West 1996)), and Supreme Court Rule 305(j) (155 Ill. 2d R. 305(j)).  Accordingly, the court denied Brent's motion in an order dated November 24, 1997.

Brent filed a motion for reconsideration on December 10, 1997, which was denied on February 11, 1998.  Brent's notice of appeal, which was filed on February 28, 1998, followed.

We first address JoJan's motion to dismiss the instant appeal as untimely, which has been taken with the case.  In its motion, JoJan asserts that Brent's motion represents a section 2-

1401 petition and, as such, constitutes a "post-trial motion" within the meaning of Supreme Court Rule 303 (155 Ill. 2d R. 303).  JoJan therefore maintains that Brent's motion to reconsider filed December 10, 1997, was ineffective to toll the 30-day period in which Brent was required to file his notice of appeal (see 155 Ill. R. 303(a)(2) ("[n]o request for reconsideration of a ruling on a post-judgment motion will toll the running of the time within which a notice of appeal must be filed").  Because Brent's notice of appeal was filed 45 days after the date on which his motion was denied, JoJan argues the instant appeal is untimely and must be dismissed.  See 155 Ill. 2d R. 303(a)(1).

JoJan misunderstands the nature of Brent's request for relief.  Contrary to JoJan's assertion, Brent's motion is not a section 2-1401 petition.
(footnote: 1)  Indeed, Brent's motion cannot constitute a section 2-1401 petition because it was filed more than two years after the orders being attacked were entered.  See 735 ILCS 5/2-1401(c) (West 1996) (imposing two-year limitation period for filing petition from date of order's entry).  Brent also seems to misunderstand the nature of his motion by asserting in his briefs, and again at oral argument, that his motion is brought pursuant to section 2-1401(f) of the Code.

Brent's motion simply represents a collateral request for the court to expunge a void order.  In his motion, Brent seeks a declaration that the judicial sale and sheriff's deed issued to JoJan is void since the judicial decree of foreclosure ordering the sale is void.  The law is well established that a void order or judgment can be attacked at any time or in any court, in either a direct or collateral proceeding.  
Morey Fish Company v. Rymer Foods, Inc.
, 158 Ill. 2d 179, 186-87, 632 N.E.2d 1020, 1024 (1994).  Section 2-1401(f) provides that "[n]othing contained in [section 2-1401] affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."  735 ILCS 5/2-1401(f) (West 1996).  Paragraph (f) does not itself provide a statutory vehicle for seeking relief from a void order or judgment, but instead simply states the well established rule at common law that a void decree is subject to collateral attack at any time.  
Dahl v. Grenier
, 126 Ill. App. 3d 891, 893-94, 467 N.E.2d 992, 994 (1984); 
Nelson v. United Airlines
, 243 Ill. App. 3d 795, 799, 612 N.E.2d 980, 983 (1993).  Paragraph (f) further preserves a party's right to seek relief from a void order or judgment by means other than under section 2-1401.  
People ex rel. McGraw v. Mogilles
, 136 Ill. App. 3d 67, 72, 482 N.E.2d 1114, 1118 (1985).  Instead of originating under any specific provision of the Code, a motion for relief from a void order or judgment arises from the inherent powers of the court to expunge void acts from its records.  
Dahl
, 126 Ill. App. 3d at 893-94, 467 N.E.2d at 994.

Notwithstanding the infirmity of JoJan's motion, this court has a duty to determine its jurisdiction to hear Brent's appeal.  
Cavanaugh v. Lansing Municipal Airport
, 288 Ill. App. 3d 239, 242, 681 N.E.2d 39, 41 (1997).  In his jurisdictional statement, Brent asserts this court's jurisdiction lies under Supreme Court 304(b)(3), which allows appeals from orders involving petitions brought under section 2-1401 of the Code.  However, as discussed above, Brent does not seek relief under 2-1401, and thus our jurisdiction cannot lie under paragraph (b)(3).

In determining our jurisdiction here, we are concerned with the timeliness of Brent's appeal under Rule 303.  In particular, we must determine whether Brent's motion to reconsider filed on December 10, 1997 was effective to toll the 30-day filing period, or whether that 30-day period began to run on the date Brent's original motion was denied on November 24, 1997.

The jurisdictional basis for reviewing orders or judgments that are void, or alleged to be void, is not clear.  The jurisdiction of this court over civil appeals originates under the Illinois Constitution of 1970, as well as under the various rules prescribed by our supreme court.  See Ill. Const. 1970 art. VI, § 6; 155 Ill. 2d R. 301 
et
 
seq
..  Notably, neither the constitution nor the rules contain any provisions addressing appeals involving void orders.  Generally, an appellant's strict compliance with the rules is necessary before the jurisdiction of this court will attach. 
 
Clark v. Han
, 272 Ill. App. 3d 981, 984, 651 N.E.2d 549, 551 (1995); but see 
Berg v. Allied Security, Inc.
, Nos. 85967 and 85974, slip opn. at 2 (July 1, 1999) (recognizing mandates in Rule 303(a) concerning the time for filing appeal may be relaxed in appropriate cases).  Notwithstanding, some cases have held that compliance with the rules need not be met when the order or judgment being attacked on appeal is, or is alleged to be, void.  See 
Eckel v. MacNeal
, 256 Ill. App. 3d 292, 295-96, 628 N.E.2d 741, 744 (1993) (although appellant's appeal was filed more than 30 days after the date her petition to expunge judgments as void was denied, the court found jurisdiction, stating that "it does not automatically follow that Rule 303 applies as a jurisdictional bar" where "[a] void judgment, order or decree will be reversed on appeal whenever it is brought before a reviewing court by any means possible in a particular case"); 
Cain v. Sukkar
, 167 Ill. App. 3d 941, 944, 521 N.E.2d 1292, 1294 (1988) (recognizing voidness of a decree would not prevent a challenge on appeal even though that order is not a "final judgment" under Rule 301); 
Peterson v. Brothers Plastics, Inc. v. Ullo
, 57 Ill. App. 3d 625, 373 N.E.2d 416 (1978) (same); 
Underwood v. Yellow Cab Co.
, 131 Ill. App. 3d 449, 452, 268 N.E.2d 254, 256 (1971) (same).  In essence, the foregoing cases determined that the voidness of a decree creates appealability and, thus, jurisdiction in the reviewing court.

Other courts, however, have found that compliance with the rules is required before a reviewing court may consider an appeal.  See 
Nelson
, 243 Ill. App. 3d at 799-800, 612 N.E.2d at 984 ("a notice of appeal from a void order must be filed within the time specified after the entry of a final judgment or within the time allowed by the appellate court"); 
People v. Green
, 188 Ill. App. 3d 1027, 1030, 544 N.E.2d 1307, 1309 (1988)(holding same, and finding no jurisdiction where appeal was filed 30 days after entry of final judgment, despite the defendant's contention that underlying sentencing order was void); 
Moffat Coal Company v. Industrial Commission
, 397 Ill. 196, 201, 73 N.E.2d 423, 426 (1947) (recognizing that although a void decree will be reversed whenever brought to the attention of a reviewing court "by any means possible" in the case, "a judgment, order or decree which is not final may [not] be reviewed *** merely because it is, or is alleged to be, null and void"); see also 
Cain
, 167 Ill. App. at 947, 521 N.E.2d at 1296-97 (Green, P.J., specially concurring) (although the rule that a void order can be attacked at any time is well-established, that rule does not confer jurisdiction on a court of review; "[r]ather, the rule provides that the issue of whether an order is void can always be raised in a case properly before a court of review").  According to these cases, jurisdiction is not vested with the reviewing court merely because an order or judgment is, or is alleged to be, void.  Instead, such jurisdiction attaches only upon compliance with the rules governing appeals.  We similarly believe that compliance with the rules is necessary before a reviewing court may properly consider an appeal from an judgment or order that is, or is asserted to be, void.  We further believe these mandates have been met in the instant case.

We find that the filing of the December 1997 motion to reconsider was effective to toll the 30-day period in which Brent was required to file a notice of appeal.  Although motions to expunge an order or judgment can technically be deemed "post-trial motions" as that term is defined by the Code since they typically seeks vacation of the decree that is void (see 735 ILCS 5/2-1202, 2-1203 (West 1996)), we do not believe such motions are to be considered "post-trial motions" for purposes of determining the timeliness of an appeal under Rule 303.  Post-trial motions must ordinarily be filed within 30 days after entry of the judgment.  735 ILCS 5/2-1202(c), 2-1203(a) (West 1996).  Motions to expunge void orders or judgments, on the other hand, are not subject to any time restrictions.  As discussed above, they can be filed at any time, either directly or collaterally.  As such, these motions are more akin to the institution of a new action.  Accordingly, since Brent's appeal was filed within 30 days of the denial of his reconsideration motion, we have jurisdiction to hear the instant matter under rules 301 and 303.

We now consider the propriety of the circuit court's ruling denying Brent's motion.  As mentioned, Brent's motion represents a collateral attack on the judicial sale and the order confirming that sale.  The law is well settled that a party may collaterally attack a judicial sale as void at any time where the court entering the underlying foreclosure decree lacked subject matter jurisdiction of the case.  
City of Chicago v. Central National Bank
, 134 Ill. App. 3d 22, 26, 479 N.E.2d 1040, 1044 (1985).
 
 Yet, to support a collateral attack, the lack of the court's jurisdiction must appear on the face of the record.  
In re Marriage of Stefiniw
, 253 Ill. App. 3d 196, 201, 625 N.E.2d 358, 402 (1993); 
Anderson v. Anderson
, 4 Ill. App. 2d 330, 334, 124 N.E.2d 66, 73 (1955).  Here, the current state of the record clearly shows that the judicial sale of the subject property is void in light of the December 1991 order setting aside the foreclosure decree following remand by this court in 
JoJan I
.  See 
City of Chicago
, 134 Ill. App. 3d at 29, 479 N.E.2d at 1045 ("where the [foreclosure] judgement is void, a judicial sale held pursuant to that judgment is also void").  This determination of voidness, however, does not necessitate a finding that Brent is entitled to recover title to the property from Cole Taylor.

Where the jurisdictional defect was not apparent on the face of the record at the time the rights of innocent third parties intervened, the petitioning party will be denied relief even from an otherwise void judgment or order.  
Uptown Federal Savings and Loan Association v. Vasavid
, 94 Ill. App. 3d 531, 534, 418 N.E.2d 831, 834 (1981); 
Uptown Federal Savings and Loan Association v. Walsh
, 15 Ill. App. 3d 626, 630-31, 305 N.E.2d 74, 78 (1973); 
Janove v. Bacon
, 6 Ill. 2d 245, 249, 128 N.E.2d 706, 708 (1955).  Here, the rights of third parties, namely Shavin and Harris Trust, attached in the subject property well before Brent filed the instant motion.  Therefore, the question arises whether the lack of jurisdiction, which was determined to have existed in December 1991, appeared from the face of the record either at the time Shavin or Harris Trust acquired title to the property.

In addressing this issue, we find our prior decision in 
JoJan I
 dispositive.  A reading of that case, which significantly was decided after the conveyances at issue, reveals that the question of whether lack of jurisdiction appeared from the face of the record could not be resolved
.  This court did not determine the true completion date of work by JoJan's assignor, R.M.C., but instead remanded the case for a hearing on that matter.  Obviously, a remand of the case would have been unnecessary if the true completion date could have been ascertained from the record
.  Since this court in 
JoJan I
 was unable to make this determination, the asserted jurisdictional defect must not have been evident from the record.  Notably, other than Brent's original motion to expunge and the materials submitted therewith
(footnote: 2), the state of the record when the rights of Shavin attached in the property was the same at the time Harris Trust acquired title.  Clearly, neither Shavin nor Harris Trust could have ascertained the jurisdictional defect from the record where this court in 
JoJan I
 was unable to do so itself.  We conclude the lack of jurisdiction did not affirmatively appear from the record when either Shavin or Harris Trust acquired title to the property.  Moreover, because the record contains no facts to the contrary, we may presume Shavin and Harris Trust were 
bona
 
fide
 purchasers of the property.
(footnote: 3)  See 
Large v. Lyons
, 31 Ill. App. 3d 1076, 1084, 335 N.E.2d 524, 530 (1975)("in the absence of any facts to the contrary, there is a presumption that a purchaser has purchased for value and in good faith," citing 
Warford v. McQueen
, 375 Ill. 372, 377, 31 N.E.2d 599, 602 (1941)); see also I.L.P., Vendor & Purchaser, § 131, at 543.

In his petition for rehearing, Brent asserts that Harris Trust had notice of his outstanding claim when it acquired the property since
 the materials submitted with his original motion to expunge, which became part of the record, showed that the circuit court did not have the authority to enter judgment on JoJan's foreclosure complaint.  Assuming the record was sufficient to provide notice, Harris Trust is nonetheless afforded protection because it acquired title from a 
bona
 
fide
 purchaser, Shavin.  See
 
Eich v. Czervonko
, 330 Ill. 455, 461, 161 N.E. 864, 867 (1928) (noting that a purchaser from a grantee who obtained title in good faith and for value without notice of any prior equities will be protected against such equities, notwithstanding notice thereof); 
Application of the County Treasurer and Ex-Officio County Collector of Cook County v. Edelen, 30 Ill. App. 3d 235, 240, n.3 (1975) (same).  Shavin's status as a good faith purchaser is sufficient to protect Harris Trust's interest in the property.

At oral argument, Brent asserted for the first time that the foreclosure judgment was void 
ab
 
initio
, and therefore the orders premised on that judgment including the April 1986 confirmation order were likewise void.  Contrary to Brent's contention, an examination of the record reveals that those decrees were valid up until the time Brent filed his original motion to expunge,
(footnote: 4) and thereafter became and remained voidable until they were set aside in December 1991.  A judgment is deemed void where the record itself furnishes the facts that establish the court acted without jurisdiction.  
Stefiniw
, 253 Ill. App. 3d at 201, 625 N.E.2d at 362; 
Orrway Motor Service, Inc. v. Illinois Commerce Commission
, 40 Ill. App. 3d 869, 873, 353 N.E.2d 253, 256 (1976).  If, however, the record does not contain facts demonstrating the defect in the court's jurisdiction, or it recites jurisdictional facts that are untrue, the judgment is voidable.  
Stefiniw
, 253 Ill. App. 3d at 201, 625 N.E.2d at 362; 
Orrway Motor Service
, 40 Ill. App. 3d at 873, 353 N.E.2d at 256.  A void judgment must show from an examination of its own record that it is void, while a voidable judgment shows from its record that it is valid, and will remain valid unless and until its infirmity is established in a supplemental proceeding.  
Stefiniw
, 253 Ill. App. 3d at 200, 625 N.E.2d at 361; 
Orrway Motor Service
, 40 Ill. App. 3d at 873, 353 N.E.2d at 256.

The copy of R.M.C.'s claim that was presented in April 1986 with Brent's original motion first raised the issue of the circuit court's authority to foreclose on the subject property.  The record prior to that time revealed that the court had jurisdiction to act as it did in the case.  Although the appellate record in 
JoJan I
 contained facts that seemingly undermined the power of the court to enter the foreclosure decree, this court's decision in that case 
essentially found the decree voidable since it could not be determined from the record materials that jurisdiction was lacking.  The issue could not be resolved by this court on appeal and required remand for further inquiry.  Only when the circuit court entered its December 1991 order pursuant to the findings of the mechanic's lien court, Judge Norman Sands, did the judgment of foreclosure and sale, as well as all later orders premised on the judgment, become void.  At the time of their respective conveyances, Shavin and Harris Trust were each entitled to rely on the facial validity of the judicial proceedings, and were obligated to simply examine the record in an effort to determine if it supported the circuit court's actions.  

In support of his position that the foreclosure decree was void from its inception, Brent argues the circuit court knew or should have known from the materials presented with JoJan's complaint that the mechanic's lien was invalid.  
Because Brent raised this point for the first time at oral argument, and did not raise the matter in his opening brief, we find this issue waived.  155 Ill. 2d R. 341
(e)(7) ("[p]oints not argued [in opening brief] are waived and shall not be raised *** in oral argument").  Notwithstanding, Brent's contention is unsupported by the appellate record.  JoJan's complaint and its exhibits that were filed in 1985 have not been presented to this court on review.  Instead, the record contains only copies of the complaint that were submitted as attachments to motions or some other pleading filed by the parties.  Therefore, we cannot determine what documents were attached as exhibits to the complaint, and in particular we do not know whether R.M.C.'s claim was or was not submitted with JoJan's pleading.

Interestingly, Brent acknowledged below that a copy of R.M.C.'s claim was not presented with JoJan's pleading.  In an amended post-trial motion to reconsider the circuit court's denial of his special appearance, Brent asserted that JoJan purposely failed to attach a copy of the mechanic's lien to its complaint.  Hence, contrary to Brent's present assertions, the record suggests a copy of the lien was not included as 
an exhibit.

Brent also contended for the first time at oral arguments that the written decree of foreclosure reflects that a copy of R.M.C.'s claim was before the circuit court when judgment was entered.  Brent specifically relied on the portion of the decree that stated in part, "the Court has been presented with duplicate stamped copies of said *** Mechanic Lien, showing said documents to have been properly recorded."  According to Brent, a reasonable inference can be drawn from this language that JoJan did indeed present the court with a copy of R.M.C's claim showing a completion date of March 1982.

Again, because Brent failed to raise this argument in his opening brief, he has waived it for our review.  155 Ill. 2d R. 347(e)(7).  Yet, addressing this point, we find Brent's inference not reasonable where the record does not disclose the contents of the documents presented to the circuit court and referenced in the written judgment.  In particular, we do not know whether the stamped copy of the mechanic's lien indeed reflected a March 1982 completion date as Brent would like us to find.  We simply cannot surmise that the materials reflected such information.  In fact, a reading of the court's decree indicates that the proffered documents demonstrated the validity of JoJan's lien.

We briefly comment on the applicability of section 2-1401(e) of the Code and Supreme Court Rule 305(j).  These provisions were relied upon by the circuit court in denying Brent's motion, and are cited by both JoJan and Cole Taylor on appeal.  Section 2-

1401(e) affords protection to 
bona
 
fide
 purchasers of property acquired after the entry of a judgment or decree affecting title to said property from the effects of a later order modifying or vacating the judgment or decree pursuant to that section of the Code, provided a lack of jurisdiction did not affirmatively appear from the record at the time the third party's rights attached.  735 ILCS 5/2-1401(e) (West 1996).  Because the motion at issue does not represent a section 2-1401 petition, but rather a simple motion to expunge a void act by the circuit court, section 2-1401(e) does not apply to defeat Brent's claim to title here.

Rule 305(j) is also inapplicable because no judgment could have been stayed at the time Brent filed his appeal in 
JoJan I
.  Rule 305(j) addresses the effect of an appealing-party's failure to seek a stay of the judgment appealed from on certain property interests acquired by innocent third parties after the judgment's entry.  The object of a stay is to preserve the status quo pending an appeal, and restrains an appellee from affirmative action to enforce his judgment by suspending all future proceedings on that judgment.  
Gregory v. First National Bank & Trust Company
 84 Ill. App. 3d 957, 960, 406 N.E.2d 583, 586 (1980).

The foreclosure judgment here was executed in April 1986 when JoJan conveyed the property to Shavin.  Thus, by the time Brent filed his original appeal in September 1986, no judgment was in existence to stay.  Indeed, any stay filed by Brent would have been ineffective since Brent had been divested of his interest in the property by the time of his first appeal.  Obviously, a judgment that has been executed cannot be stayed.  We note that no stay was obtained by Brent at any time during the course of the proceedings, and consequently any innocent third-

party purchaser of the subject property would have taken title free and clear of any competing claim asserted by Brent.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, J., with CAHILL, P.J., and BURKE, J., concurring.

FOOTNOTES
1:
Assuming, 
arguendo
, the instant motion is a section 2-

1401 petition, Brent's motion for reconsideration would have tolled the 30-day filing period if it was timely filed.  
Burnicka v. Marquette National Bank
, 88 Ill. 2d 527, 531, 431 N.E.2d 358, 361 (1982).

2:
This evidence became a part of the record before Harris Trust purchased the subject property.  Although a void order or judgment can generally be attacked collaterally only by the record itself, which consists of the pleadings, process, verdict and judgment or decree (see 
Anderson
, 4 Ill. App. 2d at 334, 124 N.E.2d at 73; 
In re Leichtenberg's Estate
, 5 Ill. App. 2d 336, 338-39, 125 N.E.2d 277, 279 (1955), 
aff'd
 7 Ill. 2d 545, 131 N.E.2d 487 (1956), evidence outside the record may be considered where, 
inter
 
alia
, the opposing party fails to object to the presentation of those facts.  
Meyer v. Meyer
, 333 Ill. App. 450, 463, 465, 77 N.E.2d 556, 562 (1948).  The record here fails to show that JoJan expressed an objection to the presentation of the evidence submitted with Brent's motion.

3:
Although some jurisdictions have held that a purchaser obtaining title by quit claim cannot be deemed a 
bona
 
fide
 purchaser (see 77 Am. Jur. 2d 
Vendor & Purchaser
, § 504-05, at 461)), Illinois case law does not preclude such a finding.  See 
Pulley v. Luttrell
, 13 Ill. 2d 355, 148 N.E.2d 731 (1958); 
Brown v. Banner Coal & Coal Oil Company
, 97 Ill. 214 (1881).

4:
Brent correctly notes in his petition for rehearing that since the Act creates rights not recognized by the common law, strict compliance with its provisions, including the two-

year limitation period set forth in section 9, is a condition to the lien's validity.  
Norman A. Koglin Associates v. Valenz, Oro, Inc
, 277 Ill. App. 3d 142, 146-47, 659 N.E.2d 971, 975 (1995); 
Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates
, 112 Ill. App. 3d 438, 442-43, 445 N.E.2d 451, 454 (1983)  As such, the time limitation in the Act is more than an ordinary statute of limitations, but is inherent to the right of foreclosure under the Act and is a prerequisite for the circuit court to exercise its subject matter jurisdiction.  See 
Pasquale v. Speed Products Engineering
, 166 Ill. 2d 337, 366-67, 654 N.E.2d 1365, 1381 (1995); 
People ex rel. Brzica v. Village of Lake Barrington
, 268 Ill. App. 3d 420, 422-23, 644 N.E.2d 66, 68-

69 (1994).  The appellate materials here reflect that the record before the circuit court in Feburary 1985 showed that the conditions under the Act, including JoJan's compliance with the two-year filing period, had been satisfied.  Thus, the record at the time of the foreclosure judgment supported the circuit court's exercise of jurisdiction.