2023 IL App (1st) 1221336-U

FIFTH DIVISION
May 19, 2023

No. 1-22-1336

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF WEI WEI, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 2019 D 005469 |
| PENG LIU, | ) ) ) | Honorable Regina A. Scannicchio, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In this marriage dissolution case, we hold that the circuit court correctly classified two condominium units as the wife's non-marital property, where the wife's parents provided funding and the title and mortgage were solely in the wife's name. We also hold that the circuit court did not err in imputing the husband's average income for purposes of calculating his child support obligations.

¶ 2    This is a dissolution of marriage case. The husband, respondent Peng Liu, challenges two portions of the circuit court's dissolution judgment. First, he argues that the court erred in

designating two condominium units as his wife Wei Wei's non-marital property. Second, he contends that the court erred in its calculation of child support it awarded to Wei. We affirm both challenged portions of the circuit court's dissolution judgment.

¶ 3                                    BACKGROUND

¶ 4      Wei Wei and Peng Liu were married in 2007. The couple had one child, a son, who was born in June 2012. In April 2012, Wei's parents, who lived in China and do not speak English, wired $170,000 to Wei's and Liu's joint bank account. In August 2012, Wei purchased 1700 East 56th Street, Unit 2607 (Unit 2607) for $155,000. She made a $40,000 down payment and executed a mortgage in the amount of $115,000. The title and mortgage were in Wei's name only. Wei and Liu resided there together until shortly before Wei filed for dissolution of marriage. In 2013, Wei's parents wired $85,130 to Wei's and Liu's joint bank account. In November 2013, Wei purchased 1700 East 56th Street, Unit 1008 (Unit 1008) for $136,000. There was no mortgage on Unit 1008, and the title to the property is in Wei's name only. Wei's parents paid all of the expenses associated with Unit 1008, including HOA fees, property taxes, maintenance costs, and utilities.

¶ 5      On June 25, 2019, Wei petitioned the circuit court for dissolution of marriage, citing irreconcilable differences that caused the irretrievable breakdown of their marriage.[1] Wei asked the court to award her primary residential possession and allocation of parental responsibilities for their minor child, and to order Liu to pay her child support.

¶ 6      On August 7, 2020, Liu filed a counter-petition for dissolution of marriage. He asked the court to award him custody of their minor child, to award him the marital residence (Unit 2607), and to order Wei to pay him child support. On the same day, Liu also filed a response to Wei's

---

[1] In a related appeal docketed as no. 1-22-1371, Liu challenges the circuit court's judgment ordering him to pay his former lawyer. Today, we issued a contemporaneous Rule 23 order disposing of that appeal.

petition for dissolution of marriage, in which he stated that his gross annual income was $108,000. Litigation on these various issues continued over the next year and a half.

¶ 7    On April 7, 2022, the circuit court conducted a one-day trial, via videoconference, on most of the pending issues in the dissolution proceedings. Issues presented at the trial included child support, custody, maintenance, and property distribution. Wei testified that her parents' wire transfers to the joint bank account were made for the purpose of investing in properties in Chicago. She stated that they proceeded in this manner because it was the easiest way for her parents, who lived overseas and do not speak English, to invest in real estate. In other words, Wei acted as a conduit for her parents' foreign investments in the United States. Liu testified that it was his understanding that the wire transfers were gifts to them to help them settle down and assist with childcare expenses.

¶ 8    On April 8, 2022, the circuit court ordered both parties to submit closing arguments and proposed judgments as to the issues litigated during the trial.

On August 1, 2022, the circuit court entered a detailed order of dissolution of marriage summarizing the evidence adduced at the trial and addressing property distribution and child support. As to property distribution, the court determined that Units 2607 and 1008 were Wei's non-marital property. The court noted that Wei offered unrebutted testimony that both units were gifts from Wei's parents to her. The units were titled in Wei's name only, purchased with funds originating from her parents, and only Wei's name appeared on the mortgage encumbering Unit 2607 (Unit 1008 was purchased with cash). It appears that the court also relied on a number of Wei's exhibits related to the wire transfers, cash deposits, and purchase paperwork, but these exhibits do not appear in the record on appeal. Regarding issue of child support, the court adopted Wei's proposed amount of $917 per month, which she calculated by inputting each party's income

(taken from the parties' March 2022 financial affidavits) into a support allocation software program. The court specifically noted that it found Wei's trial testimony credible, and Liu's testimony not credible.

¶ 9    It appears that the August 1, 2022 order resolved all outstanding issues except for the fee petition at issue in the related appeal. The dissolution judgment also contained a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just cause to delay enforcement or appeal thereof. This appeal followed.

¶ 10                                    ANALYSIS

¶ 11    On appeal, Liu challenges the circuit court's determinations that (1) the two condominium units were Wei's non-marital property, and (2) Liu must pay Wei $917 per month in child support.[2] More specifically, as to the first issue, Liu argues that Wei's testimony regarding the source of the funds used in purchasing the two condominium units was self-serving and therefore insufficient to meet the evidentiary standard of clear and convincing evidence, which is required to overcome the presumption that funds in a joint marital bank account are marital property. As to the second, Liu contends that the court erred in imputing an average income to him based on his recent earnings, and deriving the child support figure based on that average income.

¶ 12    We first address jurisdiction. Liu filed a timely notice appeal of the August 1, 2022 dissolution judgment on August 31, 2022. The dissolution judgment contained a Rule 304(a) finding. Liu also filed a motion to reconsider on September 1, 2022, but the circuit court had lost

---

[2] In her brief, Wei points out numerous deficiencies in Liu's appellant brief, including his failure to abide by Illinois Supreme Court Rules 321 and 341, which specify the contents of an appellant's brief. Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021); Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). We agree that Liu's brief contains a number of deficiencies and does not comply with Illinois Supreme Court rules. Nonetheless, Wei's cogent brief enables us to engage in a meaningful review and render a proper disposition on the merits and so we decline to strike Liu's brief.

jurisdiction the day before when Liu filed his notice of appeal. As of the August 31 notice of appeal, this court was vested with jurisdiction and can properly consider this appeal. *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 18.

¶ 13    On the division of property issue, Liu erroneously asserts that we should review *de novo* the circuit court's determination that the two condominium units were Wei's non-marital property. This court has held, however, that it will not disturb a circuit court's classification of an asset as marital or non-marital unless it is contrary to the manifest weight of the evidence. *In re Marriage of Stuhr*, 2016 IL App (1st) 152370, ¶ 49. "'[A] decision is against the manifest weight of the evidence only when an opposite conclusion is clearly apparent or when the court's findings appear to be unreasonable, arbitrary, or not based upon the evidence.'" *Id.* (quoting *In re Marriage of Faber*, 2016 IL App (2d) 131083, ¶ 3).

¶ 14    Before disposing of property upon the dissolution of a marriage, the circuit court must first determine whether the property is marital or non-marital. *In re Marriage of James and Wynkoop*, 2018 IL App (2d) 170627, ¶ 20. After classifying the property, the court awards each spouse his or her non-marital property and divides the marital property into just proportions. *Id.* This case presents the rare situation where two competing—and conflicting—presumptions regarding classification of property apply. First, there is a rebuttable presumption that property acquired after a marriage is marital property. *Hofmann v. Hofmann*, 94 Ill. 2d 205, 216 (1983). In contrast, under the Marriage and Dissolution of Marriage Act, property acquired by a party by way of gift, legacy, or descent is deemed the acquiring party's non-marital property. 750 ILCS 5/503(d) (West 2018). Additionally, courts presume that "placement of title in the name of a child by a parent is a gift *** because a child is the natural object of the bounty of the person paying the purchase price." *In re Marriage of Kendra*, 351 Ill. App. 3d 826, 829 (2004). Where, as here, presumptions conflict:

"the presumption that all property acquired after marriage is marital property is canceled out by the conflicting presumption of a gift from a parent to a child, and, thus, the trial court is free to determine the issue of whether the asset in question was marital or nonmarital property without resort to either presumption." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 88.

¶ 15　Here, the circuit court specifically noted the existence of the rebuttable presumption that parents' gifts to their children are non-marital property. Though the court did not mention the competing presumption that property acquired after a marriage is deemed marital property and did not explicitly acknowledge that the conflicting presumptions cancel out, it did thoroughly consider both sides' testimony and paid particular attention to whether Liu rebutted any of Wei's testimony. It found that Liu did not rebut any of Wei's testimony, and further found her to be credible and him incredible. The court heard the live testimony of both parties, and was therefore in the best position to judge their credibility, so we will not disturb this finding. *Best v. Best*, 223 Ill. 2d 342, 350-51 (2006) ("A reviewing court will not substitute its judgment for that of the trial court regarding the credibility of witnesses, the weight to be given to the evidence, or the inferences to be drawn."). Additionally, Liu has failed to supplement the record with relevant trial exhibits, which was his obligation as the appellant, so we must presume that the court considered adequate evidence to support its determination that the units were Wei's non-marital property. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984).

¶ 16　We note that we afforded Liu ample opportunities to supplement the record with relevant trial exhibits. On March 13, 2022, this court denied Liu's motion to supplement the record because the exhibits he sought to supplement the record with were not certified. On March 27, we again denied another motion to supplement and noted, "[a]s previously explained, this court only accepts

supplemental records certified by the clerk of the circuit court." Despite our repeated instructions, Liu failed to supplement the record in a proper manner.

¶ 17    As to the second issue on appeal, Liu incorrectly asserts that we should review *de novo* the circuit court's calculation of his income for purposes of his child support obligations. But " '[t]he findings of the trial court as to net income and the award of child support are within its sound discretion and will not be disturbed on appeal absent an abuse of discretion.' " *In re Marriage of Pratt*, 2014 IL App (1st) 130465, ¶ 22 (quoting *In re Marriage of Breitenfeldt*, 362 Ill. App. 3d 668, 675 (2005). The circuit court abuses its discretion when no reasonable person would adopt its view. *In re Marriage of Eberhardt*, 387 Ill. App. 3d 226, 233 (2008).

¶ 18    There is no prohibition against imputing an average income in cases like this. In fact, courts routinely impute average income when a party's present income is uncertain. See, *e.g.*, *In re Marriage of Gosney*, 394 Ill. App. 3d 1073, 1077 (2009); *In re Marriage of Sweet*, 316 Ill. App. 3d 101, 107 (2000). Here, Liu was self-employed, so his income might vary from time to time. The record does not contain a copy of the exhibit showing Wei's calculations on which the circuit court relied in adopting the $917 child support figure. We do know, however, that the court reviewed the parties' March 2022 financial statements, so it did have information regarding Liu's assets and income. Absent the exhibit showing the calculations, we presume, again, under the principles of *Foutch*, that the court's determination that $917 was an appropriate amount was "in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. Accordingly, we cannot say that the circuit court's imputation of Liu's income was an abuse of discretion.

¶ 19                              CONCLUSION

¶ 20    The circuit court's determination that the two condominium units were Wei's non-marital property was not against the manifest weight of the evidence because the court relied on Wei's

unrebutted testimony, which it found credible, as well as exhibits Wei introduced regarding the purchase of the properties. The circuit court did not abuse its discretion in imputing Liu's income because courts may properly do so when a person's income is uncertain. Therefore, we affirm the circuit court's judgment in both respects.

¶ 21    Affirmed.